Joseph W. Evans
Law Offices of Joseph W. Evans
P.O. Box 519
Bremerton, WA  98337-0124
(360) 782-2418 Phone
(360) 782-2419 Fax
E-mail:  joe@jwevanslaw.com
Attorney for Defendant John Papasodora

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **CLARICE LEOTA HARDY,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| **CITY OF NOME, and JOHN PAPASODORA and NICHOLAS HARVEY, in their individual capacities,** | ) Case No. 2:20-cv-00001 (HRH) ) ) ) ) |
| Defendants. | ) ) |

### PARTIES' JOINT REQUEST FOR MODIFICATION OF SCHEDULING AND PLANNING ORDER REGARDING EXPERT DISCLOSURES[1]

### Introduction

The Parties jointly submitted Scheduling and Planning Conference Report[2] requesting sequential disclosures and sequential reports as follows:

**6.** **Expert Discovery.** *See* Rule 26(a)(2), Federal Rules of Civil Procedure.

(a) Expert witnesses shall be identified by Plaintiff on or before **January 29, 2021**, and by Defendants on or before **March 26, 2021**.

---

[1] Plaintiff's counsel, City of Nome's counsel and Harvey's counsel join in this filing.
[2] Docket 32, at Page 5 of 12, June 8, 2020.

**PARTIES' JOINT REQUEST FOR MODIFICATION OF SCHEDULING
AND PLANNING ORDER REGARDING EXPERT DISCLOSURES**
HARDY v. HARVEY, et al.
Case No. 2:20-cv-00001 (HRH)

Each party may identify responsive supplemental expert witnesses within **14 days** thereafter.

(b) Expert disclosures (reports) required by Rule 26(a)(2) will be disclosed:

    (i) By Plaintiff on or before **February 26, 2021**, and by Defendants on or before **April 30, 2021**;

    (ii) Rebuttal reports on or before **30 days** from the service of the report being rebutted.

(c) Expert witness discovery (include depositions) shall be completed by: **May 31, 2021**.

However, in this Court's Scheduling and Planning Order,[3] the Court requires simultaneous disclosures followed by sequential expert reports, as follows:

**6. Expert Discovery.** Pursuant to Rule 26(a)(2), Federal Rules of Civil Procedure.

(a) Expert witnesses shall be identified by each party on or before **January 29, 2021**, and each party may identify responsive supplemental expert witnesses within **14 days** thereafter.

(b) Expert disclosures (reports) required by Rule 26(a)(2) will be disclosed:

---

[3] Docket 39, at Page 4, June 22, 2020.

**PARTIES' JOINT REQUEST FOR MODIFICATION OF SCHEDULING AND PLANNING ORDER REGARDING EXPERT DISCLOSURES**
HARDY v. HARVEY, et al.
Case No. 2:20-cv-00001 (HRH)

(i) By all parties on or before _____; **OR** by plaintiff on or before **February 26, 2021**, and by defendant on or before **March 30, 2021;**

(ii) Rebuttal reports on or before **30 days** from the service of the report being rebutted.

(c) Expert witness discovery (including depositions) shall be completed by: **April 30, 2021**.

## Discussion

Federal Rule of Civil Procedure ("FRCP") 26(a)(2)(C) provides in pertinent part:

> A party must make these [expert] disclosures at the times and in the sequence that the court orders.

Federal case law and treatise authority provide, "[I]n most instances the party with the burden of proof on an issue should disclose its expert testimony on that issue before the other parties are required to make their disclosures with respect to that issue." 146 F.R.D. at 633, 1993 Advisory Committee Notes to FRCP 26(a)(2)(C). See, also, Handbook of Federal Civil Discovery and Disclosure, §1.39 (2d ed.) and Cohabaco Cigar Co. v. United States Tobacco Co., 1999 WL 966980, *5 (October 4, 1999 N.D. Ill.) ["Plaintiff should produce its experts and their reports first, and then Defendants must identify their experts and produce their reports"].

In Plumbers & Pipefitters Local 572 v. Cisco Systems, Inc., 2005 WL 1459572, *1 to *3 (June 21, 2005, N.D. Cal.), the Plaintiffs contended that simultaneous expert disclosures were required by FRCP 26(a)(2)(C) whereas the Defendants requested

**PARTIES' JOINT REQUEST FOR MODIFICATION OF SCHEDULING AND PLANNING ORDER REGARDING EXPERT DISCLOSURES**
HARDY v. HARVEY, et al.
Case No. 2:20-cv-00001 (HRH)

Page 3 of 8

Case 2:20-cv-00001-HRH   Document 54   Filed 01/28/21   Page 3 of 8

sequential expert disclosures with the Plaintiffs making the first expert disclosures. The Court agreed with the Defendants and ordered sequential disclosures of experts and their reports:

> Defendants Cisco and Price Waterhouse Coopers move this Court to require Plaintiffs to make their Rule 26(a)(2)(B) expert disclosures prior to Defendants' expert disclosures, on the basis that Plaintiffs have the burden of proof on their claims. Plaintiffs contend that Rule 26(a)(2)(C) contemplates a simultaneous exchange of expert disclosures as to put all parties on equal footing.
>
> * * *
>
> . . . Plaintiffs clearly have the burden to prove all the elements of their claims. For example, Plaintiffs' experts may advance a number of theories with respect to the measure of damages. Thus, to respond to these theories, Defendants' experts must know of them in advance. Accordingly, requiring Plaintiffs to make their Rule 26(a)(2) disclosures in advance of Defendants is more consistent with the parties' burdens in this case.
>
> Furthermore, Plaintiffs would not be prejudiced by disclosing their expert reports first. Since Plaintiffs have the burden of proof, Plaintiffs have the burden of presenting the evidence first. Plaintiffs will have an opportunity to respond to Defendants' expert reports in their rebuttal reports, including theories relied upon by Defendants' experts with respect to their affirmative defenses. The Court finds that, in this case, simultaneous disclosure would in fact prejudice the Defendants. Hypothetically, if the Court is to adopt Plaintiffs' expert disclosures, Defendants would have to respond to all of Plaintiffs' possible theories of liability rather than focus on theories relied upon by Plaintiffs' experts. This would result in needless waste of resources. Plaintiff argues that staggering expert disclosures would give the Defendants "two bites at the apple" in that after reading Plaintiffs' initial reports, Defendants would be able to respond to those reports in both their initial reports and rebuttal reports. [Citation to court filings omitted.] This argument is moot in light of the Court's adoption of Defendants' proposed disclosure schedule. Defendants are not seeking to have rebuttal reports following Plaintiffs' rebuttal. Considering that Defendants will file their initial report after Plaintiffs, their report is equivalent of a rebuttal, thus eliminating a need to file additional ones.

**PARTIES' JOINT REQUEST FOR MODIFICATION OF SCHEDULING AND PLANNING ORDER REGARDING EXPERT DISCLOSURES**
HARDY v. HARVEY, et al.
Case No. 2:20-cv-00001 (HRH)

Page 4 of 8
Case 2:20-cv-00001-HRH   Document 54   Filed 01/28/21   Page 4 of 8

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion for Entry of Order on Staggered Expert Disclosures. The Court hereby adopts the following dates as part of the disclosures schedule:

| | |
|---|---|
| Plaintiffs' Expert Reports Due | October 10, 2005 |
| Defendants' Expert Reports Due | November 16, 2005 |
| Plaintiffs' Expert Reports Due | November 30, 2005 |

See, also, Mabrey v. United States, 2006 WL 1891127 (July 7, 2006, D. Nev.) [sequential disclosure ordered/approved with Plaintiff making the initial expert disclosures and providing rebuttal reports/disclosures after Defendant made its expert disclosures] and Stonefire Grill, Inc. v. FGF Brands, Inc., 2013 WL 12126773, *4-*5 (June 27, 2013, C.D. Cal.) [Plaintiff was required to disclose its expert testimony before Defendant disclosed its expert rebuttal witnesses and their testimony].

The Court's present Scheduling and Planning Order[4] requiring simultaneous identification of experts[5] "would have [Defendants] respond to all of Plaintiff['s] possible theories of liability rather than focus on theories relied upon by Plaintiff['s] experts. This would result in needless waste of resources."[6] The Parties in the matter *sub judice* agreed and, therefore, in their joint Scheduling and Planning Conference Report,[7] requested sequential disclosures <u>and</u> sequential expert reporting.

---

[4] Id.
[5] Id. at ¶ 6(a).
[6] Cisco Systems, Inc., *supra*, at page 4 of 7 of this filing.
[7] Docket 32, at Page 5 of 12, June 8, 2020.

**PARTIES' JOINT REQUEST FOR MODIFICATION OF SCHEDULING AND PLANNING ORDER REGARDING EXPERT DISCLOSURES**
HARDY v. HARVEY, et al.
Case No. 2:20-cv-00001 (HRH)

## Parties' Joint Request at This Time

The Parties jointly request that, at this time, the Court amend **6. Expert Discovery** of its Scheduling and Planning Order to read as follows:

**6. Expert Discovery.** *See* Rule 26(a)(2), Federal Rules of Civil Procedure.

(a) Expert witnesses shall be identified by Plaintiff on or before **February 26, 2021**, and by Defendants on or before **April 30, 2021**. Each party may identify responsive supplemental expert witnesses within **14 days** thereafter.

(b) Expert disclosures (reports) required by Rule 26(a)(2) will be disclosed:

    (i) By Plaintiff on or before **March 26, 2021**, and by Defendants on or before **May 28, 2021**;

    (ii) Rebuttal reports on or before **30 days** from the service of the report being rebutted.

(c) Expert witness discovery (include depositions) shall be completed by: **June 30, 2021**.

**PARTIES' JOINT REQUEST FOR MODIFICATION OF SCHEDULING AND PLANNING ORDER REGARDING EXPERT DISCLOSURES**
HARDY v. HARVEY, et al.
Case No. 2:20-cv-00001 (HRH)

Page 6 of 8

Case 2:20-cv-00001-HRH   Document 54   Filed 01/28/21   Page 6 of 8

## Conclusion

The Parties would respectfully request that this Court amend its Scheduling and Planning Order to provide for sequential expert disclosures and sequential expert reporting as set out herein.

Dated this 28th day of January, 2021.

/s/ Stephen Koteff
Stephen Koteff, Alaska Bar No. 9407070
ACLU OF ALASKA FOUNDATION
1057 West Fireweed Lane, Suite 207
Anchorage, AK 99503
(907) 263-2007
skoteff@acluak.org

*For Plaintiff Clarice Leota Hardy*

/s/ Clinton M. Campion
Clinton M. Campion, Alaska Bar No. 0812105
SEDOR WENDLANDT EVANS FILIPPI LLC
500 L Street, Suite 500
Anchorage, Alaska 99501
(907) 677-3600
campion@alaskalaw.pro

*For Defendant the City of Nome*

/s/ Joseph W. Evans
Joseph W. Evans, Alaska Bar No. 7610089
LAW OFFICES OF JOSEPH W. EVANS
P.O. Box 519
Bremerton, WA 98337-0124
(360) 782-2418
joe@jwevanslaw.com

*For Defendant John Papasodora*

/s/ Laura L. Farley
Laura L. Farley, Alaska Bar No. 9211078
FARLEY & GRAVES, P. C.
807 G Street, Suite 250
Anchorage, AK 99501
(907) 274-5100
lfarley@farleygraves.com

*For Defendant Nicholas Harvey*

**PARTIES' JOINT REQUEST FOR MODIFICATION OF SCHEDULING
AND PLANNING ORDER REGARDING EXPERT DISCLOSURES**
HARDY v. HARVEY, et al.
Case No. 2:20-cv-00001 (HRH)
Page 7 of 8
Case 2:20-cv-00001-HRH   Document 54   Filed 01/28/21   Page 7 of 8

**CERTIFICATE OF SERVICE**
Pursuant to Civil Rule 5, I hereby certify that on
this 28th day of January, 2021, a true and correct
copy of the foregoing was served electronically
on the following persons:

>Kendri M. M. Cesar
>Sonosky, Chambers, Sachse, Miller & Monkman, LLP
>302 Gold Street, Suite 201
>Juneau, Alaska 99801
>
>Stephen Koteff
>ACLU of Alaska Foundation
>1057 West Fireweed Lane, Suite 207
>Anchorage, Alaska 99503
>
>Joshua Decker
>ACLU of Alaska Foundation
>1057 West Fireweed Lane, Suite 207
>Anchorage, Alaska 99503
>
>Aadika J. Singh
>ACLU of Alaska Foundation
>1057 West Fireweed Lane, Suite 207
>Anchorage, Alaska 99503
>
>Stephen L. Pevar
>American Civil Liberties Union Foundation
>765 Asylum Avenue
>Hartford, CT 06105
>
>Mark Carter
>American Civil Liberties Union Foundation
>125 Broad Street
>New York, NY 10004
>
>Laura L. Farley
>Farley & Graves, P.C.
>807 G Street, Suite 250
>Anchorage, AK 99501
>
>Clinton M. Campion
>Sedor, Wendlandt, Evans & Filippi, LLC
>500 L Street, Suite 500
>Anchorage, Alaska 99501

By: _s/Joseph W. Evans____

**PARTIES' JOINT REQUEST FOR MODIFICATION OF SCHEDULING
AND PLANNING ORDER REGARDING EXPERT DISCLOSURES**
HARDY v. HARVEY, et al.
Case No. 2:20-cv-00001 (HRH)