Stephen Koteff, Alaska Bar No. 9407070
ACLU OF ALASKA FOUNDATION
1057 West Fireweed Lane, Suite 207
Anchorage, AK 99503
(907) 263-2007
*skoteff@acluak.org*

Kendri M. M. Cesar, Alaska Bar No. 1306040
SONOSKY, CHAMBERS, SACHSE, MILLER
 & MONKMAN, LLP
302 Gold Street, Suite 201
Juneau, AK 99801
(907) 586-5880
*kendri@sonosky.net*

Stephen L. Pevar
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
765 Asylum Avenue
Hartford, CT 06105
(860) 570-9830
*spevar@aclu.org*

Mark J. Carter
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street
New York, NY 10004
(646) 885-8344
*mcarter@aclu.org*

MOTION TO HOLD DEFENDANT IN CONTEMPT OF COURT        Page 1 of 16
*Hardy v. City of Nome et al.*   2:20-cv-00001 (HRH)
Case 2:20-cv-00001-HRH   Document 74   Filed 09/09/21   Page 1 of 16

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **Clarice Leota Hardy**,<br><br>    Plaintiff,<br>  v.<br><br>**City of Nome, and John Papasodora and Nicholas Harvey in their individual capacities**,<br><br>    Defendants. | No. 2:20-cv-00001 (HRH) |

# MOTION TO HOLD DEFENDANT CITY OF NOME IN CONTEMPT OF COURT AND FOR SANCTIONS

## INTRODUCTION

On July 19, 2021, the Court, in a 20-page decision, ordered the Defendant City of Nome to respond to numerous discovery requests served upon the City by the Plaintiff. (Docket 72) The City has flouted most of the Court's order. Indeed, it is now seven weeks later, and with respect to most of the Order, the City has not produced even *one* document. During those seven weeks, counsel for Plaintiff sent letters and emails to the City's attorney advising him that the delay was prejudicial to Plaintiff's case and that the City's failure to produce

documents that *the City clearly has in its possession* is evidence of bad faith.[1]

Plaintiff has no viable option but to seek further assistance from the Court. Plaintiff respectfully requests that the Court, pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, (1) hold the City in contempt for its deliberate and willful failure to obey the July 19 Order, (2) issue a deadline for the City's complete compliance with the Order and warn that failure to meet the deadline will result in further sanctions, and (3) award Plaintiff her costs and attorneys' fees incurred in bringing this motion and her original Motion to Compel. *See Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1385 (9th Cir. 1988) ("Fed.R.Civ.P. 37(b)(2) provides for the award of reasonable expenses and attorney's fees 'caused by the failure' to obey a court order to provide or permit discovery."); *United States v. Sumitomo Marine & Fire Ins. Co.*,

---

[1] As discussed in the attached exhibits of correspondence from Plaintiff's counsel, among the documents that the City failed to produce—but which the City obviously possesses—are a document that the City cited in response to an interrogatory, the second page to an email (producing only the first page), a letter that was copied by the City with a Post-It note concealing a large portion of the text, and emails on the City's server from the former Chief of Police to City employees regarding issues central to this litigation.

MOTION TO HOLD DEFENDANT IN CONTEMPT OF COURT  Page 3 of 16
*Hardy v. City of Nome et al.*   2:20-cv-00001 (HRH)
Case 2:20-cv-00001-HRH   Document 74   Filed 09/09/21   Page 3 of 16

617 F.2d 1365, 1370 (9th Cir. 1980) (holding that disobeying a discovery order can result in an award of attorneys' fees and, in appropriate cases, sanctions against government counsel, noting that "the public interest requires not only that Court orders be obeyed but further that Governmental agencies which are charged with the enforcement of laws should set the example of compliance with Court orders.") (quoting *Perry v. Golub*, 74 F.R.D. 360, 366 (N.D.Ala. 1976)); *Harkey v. Beutler*, 817 Fed.Appx. 389, 391-92 (9th Cir. 2020) (awarding attorneys' fees not only for time spent preparing the motion for sanctions but for time spent on other portions of the case harmed by defendant's failure to produce the discovery covered by the court order).

## FACTUAL BACKGROUND

On July 19, 2021, this Court issued an Order directing the City to produce information and documents that Plaintiff needs to move forward with her case. (Docket 72). Plaintiff had moved to compel this discovery after attempting for months—since November 30, 2020—to obtain responses. (Docket 64). Yet, despite the Court's clear and detailed Order, the City of Nome continues to refuse to produce most of that discovery. To make matters worse, one of the few responses the City made consisted

MOTION TO HOLD DEFENDANT IN CONTEMPT OF COURT  Page 4 of 16
*Hardy v. City of Nome et al.*   2:20-cv-00001 (HRH)
Case 2:20-cv-00001-HRH   Document 74   Filed 09/09/21   Page 4 of 16

of dumping 3,270 Bates stamped pages of documents on the Plaintiff, plus 3270 pages of unmarked documents, and 974 pages of documents saved in a file marked "originals." Of the first 1004 Bates stamped documents that Legal Assistant for Plaintiff's counsel was able to review, *only approximately one percent* consisted of documents responsive to the RFP it purported to address. *See* Declaration of Sarah Buzard (attached as Exhibit 7).

Plaintiff has made numerous attempts to get the City to comply with the July 19 Order. The most detailed effort occurred on August 7, in which Plaintiff's counsel wrote to counsel for the City and set forth in detail the discovery covered by the Court's Order that had still not been produced. *See* Ex. 1. The letter stated in principle part as follows:

> **Interrogatory No. 5 and RFP No. 12**: these seek information about the "audits or reviews of NPD performance, conduct, or work conducted from 2007 to the present." The Court held with respect to this discovery:
>
>> The City is compelled to produce any and all documents related to any audit or review of the NPD, regardless of whether the audit or review was completed and regardless of whether the audit or review was "commissioned" by the City. If it has already produced all such documents, the City shall confirm that there are no other responsive documents to be produced.

MOTION TO HOLD DEFENDANT IN CONTEMPT OF COURT    Page 5 of 16
*Hardy v. City of Nome et al.*    2:20-cv-00001 (HRH)
Case 2:20-cv-00001-HRH    Document 74    Filed 09/09/21    Page 5 of 16

### Interrogatory Nos.1 and 8 and RFPs Nos. 16, 23, 24, 25, and 26

The information and documents requested in the above discovery was summarized by the Court as follows:

> In **Interrogatory No. 8**, plaintiff asked the City to "describe in detail each and every reason why John Papasodora's employment with NPD ended." In **RFP No. 16**, plaintiff asked the City to "produce all records pertaining to the reasons identified in **Interrogatory No. 8**." In **RFP No. 20**, plaintiff asked the City to "produce all documents pertaining to Robert Estes' resignation from the NPD." In **RFP No. 23**, plaintiff asked the City to "produce all records relating to the investigations or disciplinary or corrective measures" taken by Papasodora "to determine why Nicholas Harvey failed to open a file or otherwise conduct an investigation into [p]laintiff's report of sexual assault, and any disciplinary or corrective measures he took as a result of Harvey's failure." In **RFP No. 24**, plaintiff asked the City to "produce all records, including, but not limited to, email correspondence and memoranda, relating to Nicholas Harvey's demotion from Lieutenant to Sergeant." In **RFP No. 25**, plaintiff asked the City to "produce all records, including, but not limited to, email correspondence and memoranda, relating to Nicholas Harvey's separation from the NPD." And, in **RFP No. 26**, plaintiff asked the City to "produce all records relating to . . .investigations, findings or conclusions" that "Papasodora undertook, after he learned that Nicholas Harvey had failed to investigate [plaintiff's] complaint, to determine whether Harvey had also failed to investigate other complaints of sexual assault[.]"

The Court ordered the City to fully respond to this discovery. If the City believes some of the information is privileged, it

MOTION TO HOLD DEFENDANT IN CONTEMPT OF COURT  Page 6 of 16
*Hardy v. City of Nome et al.*  2:20-cv-00001 (HRH)
Case 2:20-cv-00001-HRH   Document 74   Filed 09/09/21   Page 6 of 16

must "properly invoke" any such privilege. A declaration supporting the privilege must be filed and must contain the information detailed by the Court on page 10 of the order.

**RFP No. 10**

This RFP requests emails and the Court directed the Plaintiff to send you search terms. We have done so. We trust that you can now produce the requested emails.

**Interrogatory Nos. 14 and 15 and RFP Nos. 23 and 26**

The information and documents requested in the above discovery was summarized by the Court as follows:

> In **Interrogatory No. 14**, plaintiff asked the City to "describe in detail any investigation John Papasodora undertook to determine why Nicholas Harvey failed to open a file or otherwise conduct an investigation into [p]laintiff's report of sexual assault, and any disciplinary or corrective measures he took as a result of Harvey's failures." In **RFP No. 23**, plaintiff asked the City to produce "all records relating to the investigations or disciplinary or corrective measures referenced in **Interrogatory No. 14**." In **Interrogatory No. 15**, plaintiff asked the City "to describe in detail any investigation John Papasodora undertook, after he learned that Nicholas Harvey had failed to investigate Ms. Hardy's complaint, to determine whether Harvey had also failed to investigate other complaints of sexual assault, and any findings or conclusions he made as a result of such investigations." **In RFP No. 26**, plaintiff asked the City to "produce all records relating to the investigations, findings or conclusions referenced in **Interrogatory No. 15**."

MOTION TO HOLD DEFENDANT IN CONTEMPT OF COURT Page 7 of 16
*Hardy v. City of Nome et al.* 2:20-cv-00001 (HRH)
Case 2:20-cv-00001-HRH Document 74 Filed 09/09/21 Page 7 of 16

The Court ordered the City to "reexamine its responses to these discovery requests and either produce any additional information and/or documents should such be located or confirm that there are no other additional information and/or documents which would be response to these requests." We respectfully request in this regard that you confer with Joe Evans (just as we have asked Joe to confer with you). Mr. Papasodora has acknowledged knowing about allegations that his staff (including Mr. Harvey) had insufficiently investigated complaints of sexual assault. Plaintiff wants to obtain the details of any investigation Mr. Papasodora conducted into those allegations and all documents related to any such investigation(s).

**Interrogatory No. 7 and RFP. No. 14**

Interrogatory No. 7 asks the City to "identify with specificity every communication between John Papasodora and the City of Nome pertaining to Nicholas Harvey's investigations of sexual assault cases[.]" In RFP No. 14, plaintiff asked the City to "produce all records relating to the communications referenced in Interrogatory No. 7."

The Court ordered the City, to the best of its ability, "to produce any and all information and/or documents that are responsive to Interrogatory No. 7 and RFP No. 14."

**RFP No. 6**

RFP # 6 asks the City to produce "all records documenting any training given to or received by any NPD staff regarding the investigation of sexual assaults, including the contents of such training."
The Court narrowed the time period of this request to 2012 through 2018 and compelled the City "to produce these records."

MOTION TO HOLD DEFENDANT IN CONTEMPT OF COURT            Page 8 of 16
*Hardy v. City of Nome et al.*   2:20-cv-00001 (HRH)
Case 2:20-cv-00001-HRH   Document 74   Filed 09/09/21   Page 8 of 16

> **RFP No. 20**
>
> The Court ordered the City to produce the documents requested in RFP No. 20, which sought the reasons for Mr. Estes departure. The City recently produced documents in response. However, there is a Post-It note on 004321 that conceals a portion of the content of that page. Please produce a copy of 004321 without the Post-It note.

Ex. 1 at 1-4.

Plaintiff sought full compliance with the July 19 Order by August 16. The City, however, did not respond to the letter. Instead, on August 18, the City produced one document partially responsive to RFP 20, but nothing more. The next day, Plaintiff's counsel wrote to counsel for the City noting that the production was substantially incomplete. Ex. 2. In response, the City's counsel indicated that he would continue to produce documents responsive to RFP 20, and that he was "still waiting" for the City to produce other documents. Ex. 3. On August 23, Plaintiff's counsel again wrote to counsel for the City seeking production of the required discovery, warning the City that a contempt motion would need to be filed unless the City complied with the July 19 Order. Ex. 4. The City did not respond.

On August 27, the City indicated that it would produce all of the outstanding discovery responses by August 30. Ex. 5. But as has occurred previously, the City failed to live up to its promise. Then as noted above, on August 31, the City sent Plaintiff a voluminous document—3,270 Bates stamped pages, plus even more unmarked documents—purporting to be responsive to RFP 10 which asked for emails between Papasodora and Harvey using agreed-upon search terms. As noted earlier, Sarah Buzard, Legal Assistant for Plaintiff's counsel, Sonosky, Chambers, Sachse, Miller, & Monkman, LLP reviewed the first 1004 Bates stamped pages of this production and found only 10 pages involving emails between Papasodora and Harvey. Almost all of the remaining pages are totally irrelevant. These include: receipts for unidentified purchases (184 pages), various advertisements (94 pages), a reporting system user manual (152 pages), a criminal justice working group's meeting minutes and staff papers (313 pages), emails regarding training (56 pages), emails regarding officer schedules (14), and emails regarding travel arrangements (16). There were also many pages containing emails or documents of law enforcement surveys, bulletins, newsletters, links to

MOTION TO HOLD DEFENDANT IN CONTEMPT OF COURT    Page 10 of 16
*Hardy v. City of Nome et al.*    2:20-cv-00001 (HRH)
Case 2:20-cv-00001-HRH   Document 74   Filed 09/09/21   Page 10 of 16

articles, and many other irrelevant items. There were also 224 documents that were duplicates of other documents.

This has resulted in wasting Plaintiff's counsel's time by sending a few responsive documents surrounded by hundreds of pages of documents that have no conceivable bearing on this case. Plaintiff's counsel responded to that effect, informing counsel for the City that, in Plaintiff's view, production of so many pages of irrelevant and non-responsive material amounted to discovery abuse. Ex. 6. At the same time, Plaintiff's counsel tried one last time to obtain compliance with the Court's July 19 Order. *Id.* As of this writing, the City has still not responded.

Last week, the Plaintiff deposed a key witness. Two days prior to the deposition, Plaintiff's counsel attempted to obtain documents relevant to the upcoming deposition:

> Clint,
>
> This letter will not replace others I've written on this subject but I do want to list in one email as many of the missing documents you've failed to send us as I can. All of these documents are relevant to Wednesday's deposition of Robert Estes and all of them are required under the Court's order (Dkt. 72). *As stated earlier, we believe the City's failure to produce these documents is evidence of bad faith and that the*

MOTION TO HOLD DEFENDANT IN CONTEMPT OF COURT     Page 11 of 16
*Hardy v. City of Nome et al.*    2:20-cv-00001 (HRH)
Case 2:20-cv-00001-HRH   Document 74   Filed 09/09/21   Page 11 of 16

*failure of your client to produce them in a timely manner is prejudicial.*

On August 17, you wrote: "I will ensure production of all remaining documents by next Friday, August 20, 2021." You did send us a spreadsheet on Aug. 18. Please see Steve Koteff's email of Aug. 19 explaining that many other documents should be produced in addition to that one. You acknowledged on Aug. 20 that you are "still waiting" for the City to send you other documents. At a minimum, these court-ordered documents have not been produced.

1) Mr. Estes personnel file. (The City has invoked no privilege to justify withholding this file and already produced at least one document from it, the Separation Agreement.)

2) You identified in response to ROG No. 5 a document entitled "Public Safety One-Year Assessment" that you state Mr. Estes sent to the City Manager on Sept. 19, 2019. We have asked for that document. You have not produced it (unless you provided it under a different name, and we don't believe you have).

3) RFP No. 12 asks for all documents related to the City's audits. It would appear that the Sept. 19, 2019 document may have been an audit. If so, we need the emails that went with it.

4) You stated in response to ROG No. 5 that Mr. Estes started at audit but didn't complete it. We believe there likely are emails between Mr. Estes and the staff working on that audit, including Mr. Kennon, concerning the audit. Those emails must be produced. In addition, there likely are documents that were created by Mr. Estes or his staff while working on the audit. These must be produced as well.

MOTION TO HOLD DEFENDANT IN CONTEMPT OF COURT   Page 12 of 16
*Hardy v. City of Nome et al.*   2:20-cv-00001 (HRH)
Case 2:20-cv-00001-HRH   Document 74   Filed 09/09/21   Page 12 of 16

> 5) The remaining portion of the email that begins on 000070.
>
> 6) The page you sent with the post-it covering text: please send the page without the post-it.

Ex. 6 (emphasis added). Not *one* document listed in the email was produced by the City prior to the deposition. As a result, Plaintiff was required to proceed with the deposition without the benefit of discovery that should have been produced in compliance with the July 19 Order (and Plaintiff's counsel noted that fact on the record at the outset of the deposition).

## ARGUMENT

Once noncompliance with a discovery order has been shown (as here), the burden shifts to the recalcitrant party to prove that the failure to comply was beyond that party's control. *See Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994); *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) ("This court has stated that 'disobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault.") (internal citation omitted); *Lewis v. Ryan*, 261 F.R.D. 513, 519 (S.D. Cal. 2009); *see also Lee v. State*,

MOTION TO HOLD DEFENDANT IN CONTEMPT OF COURT  Page 13 of 16
*Hardy v. City of Nome et al.*   2:20-cv-00001 (HRH)
Case 2:20-cv-00001-HRH   Document 74   Filed 09/09/21   Page 13 of 16

141 P.3d 342, 349 n.24 (Alaska 2006) ("The noncomplying party has the burden of proving that his failure to comply was not willful.").

The City cannot meet this burden of proof. After all, counsel for the City stated several times that he was going to produce additional documents. Many if not most of the documents that have not been produced are certainly in the City's possession (and the City has never claimed otherwise).

A critical document that the City has withheld for no apparent reason was obtained by the Plaintiff from a third party. This document—a "One-Year Assessment" written by former Chief of Police Robert Estes—was submitted by him to City officials and was discussed at a public meeting. The City cites this document in response to an interrogatory but the City failed to produce a copy of it, in violation of the July 19 Order. Fortunately, when counsel for Plaintiff deposed Mr. Estes last week, Mr. Estes had a copy of it. Mr. Estes confirmed that this document was the subject of an extensive public discussion. Mr. Estes also confirmed that he wrote scores of emails to City employees on subjects covered by this lawsuit, all of which would have been saved on the City's server. Yet, despite the Court's Order requiring the production

MOTION TO HOLD DEFENDANT IN CONTEMPT OF COURT  Page 14 of 16
*Hardy v. City of Nome et al.*  2:20-cv-00001 (HRH)
Case 2:20-cv-00001-HRH   Document 74   Filed 09/09/21   Page 14 of 16

of these emails, not one has been produced. This Court is thus entitled to presume, as in *Guifu Li v. A Perfect Day Franchise, Inc*, 281 F.R.D. 373 (N.D. Cal. 2012), that any claims by the City that it cannot locate these documents "are not credible," and supports the inference that the City "likely withheld many relevant and responsive documents from Plaintiff[] in the course of discovery." *Id.* at 391.

Indeed, even if the City should now produce the documents being withheld—as, hopefully, the City will do—sanctions are still appropriate because the delay has prejudiced Plaintiff's case and because a court is entitled to punish recalcitrant behavior to protect the Court's docket from needless delay. *See United States v. Kitsap Physicians Serv.,* 314 F.3d 995, 1001 (9th Cir.2002); *North American Watch Corp. v. Princess Ermine Jewels,* 786 F.2d 1447,1451 (9th Cir.1986); *Lewis v. Ryan*, 261 F.R.D. at 518.

## CONCLUSION

Enough is enough. The City of Nome was torturously slow in responding to discovery, prompting the Motion to Compel, and now is largely ignoring the Court's July 19 Order. Plaintiff respectfully requests that the Court enforce its decree and take whatever measures it deems

MOTION TO HOLD DEFENDANT IN CONTEMPT OF COURT Page 15 of 16
*Hardy v. City of Nome et al.* 2:20-cv-00001 (HRH)
Case 2:20-cv-00001-HRH   Document 74   Filed 09/09/21   Page 15 of 16

appropriate to ensure compliance with its Order, including the award of attorneys' fees.

Respectfully submitted this 9th day of September, 2021.

    */s/ Kendri Cesar*
Kendri M. M. Cesar, Bar # 1306040
SONOSKY, CHAMBERS, SACHSE, MILLER & MONKMAN, LLP

Stephen Koteff, Bar No. 9407070
ACLU OF ALASKA FOUNDATION

Stephen L. Pevar
AMERICAN CIVIL LIBERTIES UNION FOUNDATION

Mark J. Carter
AMERICAN CIVIL LIBERTIES UNION FOUNDATION

## WORD COUNT CERTIFICATION

I hereby certify that the foregoing document, exclusive of caption and signatures, contains less than 5,700 words typed in Century Schoolbook, 14-point font.

By: *Sarah Buzard*

MOTION TO HOLD DEFENDANT IN CONTEMPT OF COURT   Page 16 of 16
*Hardy v. City of Nome et al.*   2:20-cv-00001 (HRH)
Case 2:20-cv-00001-HRH   Document 74   Filed 09/09/21   Page 16 of 16