UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **Clarice Leota Hardy**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:20-cv-00001-HRH |
| | ) |
| **City of Nome, and John Papasodora and Nicholas Harvey in their individual capacities**, | ) |
| | ) |
| Defendants. | ) |

### DECLARATION OF STEPHEN KOTEFF IN SUPPORT OF PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL BRIEF AND PLAINTIFF'S PROPOSED SUPPLEMENTAL BRIEF

I, Stephen Koteff, being competent to make this declaration and having personal knowledge of the matters stated herein, declare under penalty of perjury that the following is true and correct:

1. I am licensed to practice law in Alaska and represent the Plaintiff in this case. I am also the legal director of the ACLU of Alaska Foundation, one of the law firms that represent the Plaintiff.

2. On June 24, 2021, Plaintiff sought discovery of an email referenced in a February 19, 2021, story on the website of Nome radio station KNOM. The story describes a June 2019 email that former NPD Chief Estes wrote to the Nome city manager referencing "51 historical [sexual

assault] cases with 100% native Alaskan women victims where there has been zero to poor follow-up at best." Accessed at

https://www.knom.org/wp/blog/2021/02/19/part-4-seeking-justice-wanting-protection-disparities-in-sexual-assault-crimes-in-nome/. Plaintiff's discovery request, the relevant portions of which are attached as Exhibit A, specifically referenced the KNOM story:

> **REQUEST FOR PRODUCTION NO. 27:** Please produce the June 2019 email from the NPD Chief of Police to the City Manager in which the Chief says there were "51 historical cases with 100% native Alaskan women victims where there has been zero to poor follow-up at best." *See* https://www.knom.org/wp/blog/2021/02/19/part-4-seeking-justice-wanting-protection-disparities-in-sexual-assault-crimes-in-nome/.

Exhibit A at 2.

3. The City responded on July 2, 2021, saying that "the City of Nome does not believe it has any documents in its possession responsive to this request." *Id.*

4. On August 23, 2021, I learned that that the City *had* produced Estes's June 2019 email to Emily Hofstaedtler, the KNOM reporter who wrote the February 19 story, in response to a public records request, along with many other related emails regarding sexual assaults in Nome.

5. On August 31, 2021, I learned that Ms. Hofstaedtler no longer had possession of the documents; however, she suggested that Plaintiff specifically request from the City "email records of conversations on sexual assault between Bob Estes, Paul Kosto, Mike Heintzelman, and John Handeland provided to KNOM reporter Emily Hofstaedter in a series of five emails over the winter of 2020-2021."

6. Accordingly, on September 3, 2021, Plaintiff served the following request on the City:

> **REQUEST FOR PRODUCTION NO. 60**: Please produce all email records between Bob Estes, Paul Kosto, Mike Heintzelman, and John Handeland that relate to the subject of sexual assault and that were provided to KNOM reporter Emily Hofstaedter in a series of five emails over the winter of 2020-2021.

7. In a September 16 response, the City did not produce the requested documents. Instead, it simply provided a series of emails between the City and KNOM *about* the public records request.

8. On September 16, I informed the City that its response was inadequate because it did not contain any responsive documents, but the City gave no reply. I then followed up with the City on October 6, asking that the City answer the request with responsive documents.

9. Although the City's counsel informed me that the City was working on further responses to the RFP, and that it would send the responsive documents that day (October 6), no further communication from the City has been forthcoming.

10. On November 4, 2021, I learned that Ms. Hofstaedtler had *resubmitted* the same public records request to the City that she had sent before. I did not ask that she do so, and I was unaware that she was resubmitting the request. At the same time, I also learned that the City responded to Ms. Hofstaedtler's request in less than an hour of her submission.

11. I reviewed the email that Ms. Hofstaedtler sent to the City to resubmit her request. The City provided her with a full response to the same request that Plaintiff submitted in RFP 60, described above in paragraph 6. The response consists of 294 pages of PDF documents. Not only are these documents all responsive to RFP 60, many of them, approximately 50, should have been produced, but were not, pursuant to the Court's July 19, 2021, Order directing the City to produce "any and all documents related to any audit or review of the NPD, regardless of whether the audit or review was

completed and regardless of whether the audit or review was "commissioned" by the City." *See* Docket 72 at 6.

I, Stephen Koteff, declare under penalty of perjury pursuant to 28 U.S.C. 1746, that the following statements are true and accurate to the best of my knowledge and belief.

DATED January 14, 2022.

By: /s/ *Stephen Koteff*
Stephen Koteff