IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

CLARICE LEOTA HARDY,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　Plaintiff,　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
CITY OF NOME, et al.,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　　No. 2:20-cv-0001-HRH
　　　　　　　　　　　　Defendants.　　 )
_____)

O R D E R

Motion for Discovery Sanctions

　　　　Plaintiff Clarice Hardy moves the court to hold defendant City of Nome in contempt of court and to impose discovery sanctions against it.[1] This motion is opposed.[2] Oral argument has not been requested and is not deemed necessary.

Background

　　　　This case arises from plaintiff's claims that the City of Nome and its police department failed to properly investigate her allegations of sexual assault in 2017.[3] Plaintiff has asserted various claims against the defendant, including federal and state equal protection claims.[4]

---

　　　　[1]Docket Nos. 74, 80, and 92.

　　　　[2]Docket Nos. 75 and 96.

　　　　[3]Complaint at 2, ¶¶ 1-3, Docket No. 1.

　　　　[4]Id. at 21-29.

ORDER – Motion for Discovery Sanctions　　　　　　　　　　　　　　　　　　　　　　　- 1 -

Plaintiff served her first discovery requests on defendant in November 2020.[5] In May 2021, she filed a motion to compel the defendant's discovery responses based on her contentions that the defendant failed to produce various documents and information.[6] In a July 19, 2021, order, the court granted plaintiff's motion in part and denied it in part.[7] With respect to Interrogatory No. 5 and RFP[8] No. 12; RFP Nos. 16, 24, and 25; Interrogatory Nos. 7, 14, and 15 and RFP Nos. 14, 23, and 26; RFP No. 10; and RFP No. 6, the court compelled the defendant to produce materials or more complete responses, and/or to confirm that no additional responsive materials existed.[9] Plaintiff did not ask the court to impose fees or costs.[10]

The court did not state a particular date by which defendants needed to comply with the discovery order. By means of a letter to defense counsel, plaintiff sought compliance by August 16, 2021.[11]

On September 9, 2021, plaintiff moved for sanctions and for the court to hold the defendant in contempt of court pursuant to Rule 37(b)(2)(A), Federal Rules of Civil

---

[5] Plaintiff's First Discovery Requests at 22, Exhibit 1, Motion to Compel Discovery Responses, Docket No. 64-1.

[6] Motion to Compel Discovery at 12, 28, Docket No. 64.

[7] Docket No. 72.

[8] "RFP" designates requests for production.

[9] Order on Motion to Compel Discovery at 4-20, Docket No. 72.

[10] Docket Nos. 64 and 67.

[11] Motion for Contempt and Sanctions at 9, Docket No. 74, Letter to Counsel at 4, Exhibit 1, Motion for Contempt and Sanctions, Docket No. 74-1.

ORDER – Motion for Discovery Sanctions - 2 -

Procedure.[12] Plaintiff contends that despite the court's July 19, 2021, order compelling the defendant to produce various documents, the defendant has not satisfied its production obligations.[13] Plaintiff asks the court to hold the city in contempt for failing to obey the July 19 order; issue a deadline for complete compliance and a warning that failure to meet that deadline will result in additional sanctions; and award costs and attorney fees incurred in bringing this motion and the original motion to compel.[14]

The defendant opposes.[15] The defendant states that on July 29, August 4, August 9, August 18, August 31, September 13, and September 20, 2021, it produced various materials responsive to the discovery requests at issue in the court's July 19 order.[16] The defendant states that, in respect to certain discovery requests, it does not believe that it possesses additional documents.[17] The defendant "acknowledges its recent shortcomings in production regarding Plaintiff's [i]nterrogatories," but argues that it has not intentionally withheld any documents or information plaintiff has requested.[18] The defendant argues that it has acted in good faith and that any delay in production is attributable to limited staffing at the Nome Police Department and "the challenges of policing during COVID-19."[19]

---

[12]Motion for Contempt and Sanctions at 2-3, 16, Docket No. 74.

[13]Id. at 2, 4-5.

[14]Id. at 3.

[15]Docket No. 75.

[16]Opposition to Motion for Contempt and Sanctions at 2-5, Docket No. 75.

[17]Id. at 3-5

[18]Id. at 5-6.

[19]Id. at 6.

ORDER – Motion for Discovery Sanctions - 3 -

In reply, plaintiff argues that the defendant continues to violate the court's July 19 order, despite defendant's production of additional documents on September 20.[20] Specifically, plaintiff claims that the defendant's responses to Interrogatory No. 5 and RFP No. 12; RFP Nos. 16, 24, and 25; Interrogatory Nos. 7, 14, and 15 and RFP Nos. 14, 23 and 26; RFP No. 10; and RFP No. 6 are inadequate.[21] Further, plaintiff argues that defendant's conduct has been deliberate, willful, and is sanctionable, and that defendant has failed to show that its failure to comply with the court's July 19 order was due to forces outside its control.[22] Plaintiff maintains her requests that the court hold defendant in contempt for failure to obey the court's July 19 order; that the court establish a deadline by which defendant must fully comply with the court's order; and that the court award plaintiff the costs and attorney fees she incurred in bringing both this motion and her original motion to compel.[23]

On October 6, 2021, two days after completion of the above-described briefing now before the court, the defendant produced additional responsive documents.[24] Proceedings were then temporarily stayed while the parties engaged in settlement efforts.[25] The case did not settle. On January 5, 2022, the court entered a revised scheduling order, wherein it lifted the stay of proceedings, entered a new expert discovery close date of April 25, 2022,

---

[20]Reply in Support of Motion for Contempt and Sanctions at 3-4, Docket No. 80.

[21]Id. at 4-9.

[22]Id. at 3, 9-10.

[23]Id. at 10.

[24]Response to Supplemental Brief at 5, Docket No. 96.

[25]Order on Motion for ADR and for Stay, Docket No. 82.

ORDER – Motion for Discovery Sanctions     - 4 -

and requested that counsel confer and provide a proposed fact discovery close date.[26] Counsel have not provided a proposed fact discovery closing date. Fact discovery therefore remains open at this time.

On January 14, 2022, plaintiff filed a combined motion to file supplemental briefing and proposed supplemental brief.[27] The court granted the motion and accepted the filing as plaintiff's supplemental brief.[28] The basis for plaintiff's supplement is her receipt of 154 pages of new "incriminating" documents from the defendant on October 6, 2021, after briefing on the motion for sanctions and to hold defendant in contempt concluded.[29] Plaintiff contends that by withholding this relevant evidence, defendant has subverted the discovery process; prevented plaintiff from pursuing timely discovery on central issues; and caused actual prejudice.[30] Plaintiff argues that defendant has failed to explain the reason for its untimely production of these documents and argues this "sudden production" proves that defendant "had indeed been withholding numerous documents that Plaintiff had requested in discovery, exactly as Plaintiff had alleged in her Motion to Compel and in her Motion for Sanctions."[31]

Based on defendant's conduct, plaintiff again requests an award of attorney fees for time spent in bringing her original motion to compel and in her subsequent motion to hold

---

[26]Order on Joint Motion for Scheduling Order, Docket No. 91.

[27]Docket No. 92.

[28]Docket No. 93.

[29]Supplemental Brief at 2-3, Docket No. 92.

[30]Id. at 10.

[31]Id. at 3, 6.

the defendant in contempt.[32] Further, plaintiff requests an award of "attorneys' fees for the fact that the City's withholding of incriminating discovery has delayed the prosecution of this case and will require the Plaintiff to undertake additional discovery, that is, the Plaintiff must now invest more hours in an effort to undo the harm she suffered."[33] Finally, plaintiff requests that the court "enforce its decree and take whatever remedial measures it deems appropriate to ensure compliance with its Order."[34]

In its response to plaintiff's supplemental brief, the defendant maintains that it has diligently responded to plaintiff's discovery requests in good faith and not intentionally withheld anything from plaintiff, and that it has substantially complied with the court's July 19 order.[35] The defendant states that it continued to supplement its discovery responses between December 9, 2021, and January 21, 2022.[36] Again, defendant asserts that many of the delays and confusion regarding its responses are due to a lack of staffing at the police department and the city manager's office and to "a lack of knowledge of the location of responsive documents."[37] Defendant further argues that the documents it has produced are not incriminating, that plaintiff's contention that she will be required to undertake additional discovery as a result of the delayed production is without support, and that plaintiff will not be prejudiced by the timing of defendant's production because she has not

---

[32]Id. at 10-11.

[33]Id. at 11.

[34]Id.

[35]Response to Supplemental Brief at 6-7, Docket No. 96.

[36]Id. at 6.

[37]Id. at 6-7.

ORDER – Motion for Discovery Sanctions - 6 -

yet deposed Harvey or Papasodora and because Chief Estes' deposition is not yet concluded.[38]

## Discussion

Rule 37(b)(2)(A), Federal Rules of Civil Procedure, provides:

> If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery, including an order under Rule . . . 37(a), the court . . . may issue further just orders.

Relevant here, these orders may include "treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ. P. 37(b)(2)(A)(vii).

Under Rule 37(b)(2)(C), the court, instead of or in addition to any of the orders listed at Rule 37(b)(2)(A)(i)-(vii):

> must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

"Rule 37 is flexible," and the court may "use as many and as varied sanctions as are necessary to hold the scales of justice even." Victor Stanley, Inc. v. Creative Pipe, Inc., No. MJG-06-2662, 2016 WL 1597119, at *4 (D. Md. Apr. 20, 2016) (quoting 8B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2284 (3d ed. 2015)).

"Sanctions for violations of Rule 37[] may be imposed for negligent conduct. . . . The lack of bad faith does not immunize a party or its attorney from sanctions, although a finding of good or bad faith may be a consideration in determining whether imposition of sanctions would be unjust and the severity of the sanctions." Lewis v. Ryan, 261 F.R.D.

---

[38]Id.

513, 518 (S.D. Cal. 2009). Nor does "[b]elated compliance with discovery orders . . . preclude the imposition of sanctions." Id. (alteration in original) (quoting Leon v. IDX Sys., Corp., 464 F.3d 951, 959 (9th Cir. 2006)).

"The Court may, in deciding whether to grant a motion for sanctions, 'properly consider all of a party's discovery misconduct . . . including conduct which has been the subject of earlier sanctions.'" In re Heritage Bond Litig., 223 F.R.D. 527, 530 (C.D. Cal. 2004) (omission in original) (quoting Payne v. Exxon Corp., 121 F.3d 503, 508 (9th Cir. 1997)). "When sanctions are warranted, the Court must determine the appropriate level or severity of sanctions based on the circumstances of the case." Tuggle v. City of Tulare, No. 1:19-cv-01525-NONE-SAB, 2021 WL 3472274, at *15 (E.D. Cal. Aug. 6, 2021) (quoting Jensen v. BMW of N. Am., LLC, 331 F.R.D. 384, 386 (S.D. Cal. 2019)). The choice among the various sanctions set forth at Rule 37(b)(2) lies within the district court's discretion. United States v. Sumitomo Marine & Fire Ins. Co., 617 F.2d 1365, 1369 (9th Cir. 1980).

Requiring a party to pay reasonable expenses, including attorney fees incurred by the innocent party as a result of the other party's failure to obey a court's discovery order, is among the least harsh of the sanctions permitted under Rule 37(b). Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979). "Willfulness, fault[,] or bad faith is not required for the imposition of monetary sanctions under" Rule 37(b). Tuggle, 2021 WL 3472274, at *15 (alteration in original) (quoting Infanzon v. Allstate Ins. Co., 335 F.R.D. 305, 313 (C.D. Cal 2020)). When a series of warnings from the court for failure to comply with a discovery order, coupled with the assessment of monetary sanctions against counsel prove insufficient to ensure compliance,

then more severe sanctions may be warranted. Sumitomo Marine & Fire Ins. Co., 617 F.2d at 1370.

By comparison to other possible sanctions, contempt is a drastic measure. See Hawkins v. Fulton Cty., 96 F.R.D. 416, 421 (N.D. Ga. 1982). "[A] warning is favored before the [contempt] power of the court is exercised." United States v. Powers, 629 F.2d 619, 625 (9th Cir. 1980). In the Ninth Circuit, if the court finds that the disobedient party acted in willful disobedience of a court order, "in bad faith, vexatiously, wantonly, or for oppressive reasons," then the court may impose a civil contempt fine. United Artists Corp. v. United Artist Studios LLC, No. 2:19-cv-00828-MWF-MAA, 2019 WL 4640403, at *5 (C.D. Cal. Aug. 28, 2019) (quoting Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015, 1035 (9th Cir. 2015)).

With respect to various of the interrogatories and requests for production which are the subject of plaintiff's motion, plaintiff contends that: defendant Nome has been withholding discovery before and after the court's July 19, 2021, order; that Nome has subverted the discovery process; and that plaintiff has been prejudiced. Defendant Nome responds that it has been diligent, that the slow production of responding information was the result of a lack of personnel at the police department and city manager's office, and that there was a general "lack of knowledge of the location of responsive documents."[39]

Although there has plainly been unacceptable delay in Nome's response to plaintiff's discovery requests, the court is unpersuaded that plaintiff has suffered any prejudice. Fact discovery has not closed. Plaintiff has yet to complete Chief Estes' deposition, and has not yet deposed defendants Harvey or Papasodora. Defendant Nome has most certainly drawn out the discovery process, but it is not clear that Nome's lack of

---

[39]Docket No. 96 at 6-7.

ORDER – Motion for Discovery Sanctions - 9 -

diligence amounted to "sabotaging" discovery. The court finds there is a high probability that discovery is still being withheld with respect to some of the outstanding interrogatories and requests for production. Most troubling is Nome's confession that there is a lack of knowledge concerning the location of responsive documents. The discovery requests in question date back to November of 2020, well over a year ago. If, as is now plainly the case, there were staffing problems at Nome – and if those who attended the police department and city manager's office at some point lacked knowledge regarding what records they had and where they were located – there has been more than sufficient time for Nome, with the assistance of counsel, to examine the total universe of Nome's records for purposes of fully responding to plaintiff's interrogatories and requests for production of documents.

The court is convinced that Nome has failed to fully and completely respond to plaintiff's discovery requests as ordered July 19, 2021. A contempt citation is not appropriate where, as here, a party has been less than diligent in responding to discovery obligations. Monetary sanctions will be imposed. The court will entertain plaintiff's application for costs and fees, which shall be limited to those costs and fees generated by plaintiff's motion to hold defendant in contempt of court and for sanctions.[40] However, monetary sanctions are, in and of themselves, inadequate where, as here, there is concern that Nome has still not fully and completely responded to plaintiff's discovery requests. In this regard, the court has little confidence that employees of the Nome Police Department and city manager's office have in fact examined all of their records for purposes of responding to plaintiff's interrogatories and requests for production. In order that the court may be reassured that all relevant records have been located and reviewed, counsel for Nome shall

---

[40]Docket No. 74.

go to Nome within the next **30 days** and shall, in consultation with appropriate Nome officials, identify and search all records of the police department and city manager's office for purposes of identifying further records relevant to plaintiff's interrogatories and requests for production. Where no records are identified, a Nome official shall unequivocally so state by affidavit. Where additional relevant records are identified, they shall be produced for plaintiff no later than **60 days** from the date of this order. More complete answers to interrogatories shall be produced for plaintiff under oath of a Nome official no later than **60 days** from the date of this order. Counsel for Nome shall provide the court with a narrative statement, describing the records search which Nome officials are hereby required to complete.

## Conclusion

Plaintiff's motion to hold defendant City of Nome in contempt of court is denied. Plaintiff's motion for sanctions is granted. The court will entertain plaintiff's application for costs and fees incurred in connection with plaintiff's motion for sanctions, and counsel for Nome shall oversee and report on a further search of Nome's police and city manager's records. Additional records relevant to plaintiff's requests for production and complete answers to plaintiff's interrogatories shall be produced no later than **60 days** from the date of this order.

DATED at Anchorage, Alaska, this  23rd  day of February, 2022.

/s/   H. Russel Holland
United States District Judge